JENNIFER MAGAÑA
City Attorney
ERIK S. HOUGHTON
Deputy City Attorney
City Hall – 13th Floor
455 North Main
Wichita, Kansas  67202-1635
(316) 268-4681
FAX:  (316) 858-7777

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRIS HAULMARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  6:21-cv-01182-EFM-TJJ |
| | ) | |
| CITY OF WICHITA, and | ) | |
| BRANDON WHIPPLE, in his official | ) | |
| Capacity as the Mayor of the City of | ) | |
| Wichita, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF DEFENDANT CITY OF WICHITA

Defendant City of Wichita (hereinafter, "City"), by undersigned counsel, provides this

Answer to the Plaintiff's Complaint.

ADMISSIONS AND DENIALS

1.     Defendant City generally and specifically denies each and every material allegation

contained in the Plaintiff's Complaint except for those which may be specifically admitted

hereinafter.   Explicit denials of specific allegations within number paragraphs of Plaintiff's

Complaint do not imply an admission to the remaining allegations of those paragraphs.

2.     In response to ¶1 of the Plaintiff's Complaint, Defendant City admits that the

Facebook Live videos and typed comments posted by Defendant Whipple to his personal campaign

Facebook page were posted by Defendant Whipple in his capacity as a private individual, not in his official capacity as mayor of Defendant City. Defendant City denies that a public forum existed because Defendant Whipple's actions in posting Facebook Live videos and typed comments to his personal campaign Facebook page were as a private individual, not in his official capacity as mayor of Defendant City.

3.      Defendant City is without sufficient information to admit or deny the allegations contained in ¶2, ¶3, ¶4, ¶5 of the Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

4.      Responding to ¶6 of the Plaintiff's Complaint, Defendant City admits that the Facebook Page, City of Wichita-Government, https://www.facebook.com/cityofwichita, and the City of Wichita YouTube channel, https://youtube.com/c/CityofWichita455, are controlled by Defendant City. Defendant City also admits that in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide Americans With Disabilities Act ("ADA") compliant captioning on all videos posted by Defendant City to the social media accounts controlled by Defendant City. Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations in ¶6 that Defendant City controls Defendant Whipple's personal Facebook campaign page.

5.      Defendant City is without sufficient information to admit or deny the allegations contained in ¶7 of the Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

6.      Defendant City admits to jurisdiction and venue alleged in ¶8 and ¶9 of Plaintiff's Complaint.

7.      Responding to ¶10 of the Plaintiff's Complaint, Defendant City admits Plaintiff's citizenship and residence.  The remaining allegations in ¶10 do not require a response from Defendant City, but Defendant City denies the remaining allegations in ¶10 of Plaintiff's Complaint insomuch as they may suggest liability on behalf of Defendant City.

8.      In response to ¶11 of the Plaintiff's Complaint, Defendant City admits that Defendant Brandon Whipple is the Mayor of the City of Wichita at the time of Plaintiff's filing of this action, and that Defendant Whipple formerly served as a state representative in the state of Kansas Legislature.  Defendant City denies that Defendant Whipple's actions in posting videos to his personal campaign Facebook page, as alleged in Plaintiff's Complaint, were in his official capacity as Mayor of the City of Wichita.

9.      Defendant City admits ¶12 of the Plaintiff's Complaint.

10.     Responding to ¶13 of the Plaintiff's Complaint, Defendant City admits that it is the largest city by population in the state of Kansas.  Defendant City further admits that the core vision of the City of Wichita is to be a leading-edge organization serving a dynamic and inclusive community; and, the core mission of the City of Wichita is to keep Wichita safe, grow its economy, build dependable infrastructure and provide conditions for living well.  (See, https://www.wichita.gov/Pages/About.aspx).

11.     Defendant City admits ¶14 of the Plaintiff's Complaint.

12.     Responding to ¶15 of the Plaintiff's Complaint, Defendant City admits that it controls and operates the Facebook page, City of Wichita-Government, https://www.facebook.com/cityofwichita (hereinafter, "Wichita's FB Page").  Defendant City denies that it controls or operates the Facebook page, Brandon Whipple, https://www.facebook.com/VoteWhipple (hereinafter, "Whipple's Campaign FB Page").

13.     In response to ¶16, ¶17, ¶18, ¶19 of the Plaintiff's Complaint, Defendant City denies that Defendant Whipple's activities and videos he posted to Whipple's Campaign FB Page were in his capacity of Mayor of the City of Wichita.

14.     Responding to ¶20, ¶21, ¶22, Defendant City admits that in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City.  Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled by Defendant City. Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

15.     In response to ¶23 of Plaintiff's Complaint, Defendant City admits that the first and only notice received by the Defendant City of the allegations contained in Plaintiff's Complaint against Defendant City was when this action was served on Defendant City.  Defendant City denies the allegation contained ¶23 that Plaintiff's legal action against Defendant City is necessary.

16.     Defendant City denies the allegations contained in ¶24 through ¶32 of Plaintiff's Complaint insomuch as they may suggest liability on behalf of Defendant City.

17.     Responding to ¶33 through ¶37 of the Plaintiff's Complaint, Defendant City denies that Defendant Whipple's activities and videos he posted to Whipple's Campaign FB Page were in his capacity of Mayor of the City of Wichita.

18.     Responding to ¶38 through ¶46 of the Plaintiff's Complaint, Defendant City admits in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City. Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled by Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

19.     Defendant City denies ¶47 of the Plaintiff's Complaint.

20.     ¶48 through ¶53 of the Plaintiff's Complaint are inapplicable to Defendant City, and Defendant City denies the allegations contained in these paragraphs insomuch as they may suggest liability on behalf of Defendant City.

21.     In response to ¶54 and ¶55 of the Plaintiff's Complaint, Defendant City admits in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City. Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled

by Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

22.     ¶56 through ¶58 of the Plaintiff's Complaint are inapplicable to Defendant City, and Defendant City denies the allegations contained in these paragraphs insomuch as they may suggest liability on behalf of Defendant City.

23.     In response to ¶59 of the Plaintiff's Complaint, Defendant City admits that the first and only notice received by the Defendant City of the allegations contained in Plaintiff's Complaint against Defendant City was when this action was served on Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to content posted by Defendant City to social media accounts controlled by Defendant City.

24.     ¶60 of the Plaintiff's Complaint is repetitive and has previously been responded to by Defendant City in the above and foregoing Paragraphs of Defendant City's Answer.

25.     ¶61 through ¶72 of the Plaintiff's Complaint consist of quotations of provisions of the Americans With Disabilities Act, and Defendant City admits that the quotations included in these paragraphs speak for themselves.

26.     Defendant City denies ¶73 of the Plaintiff's Complaint.

27.     Responding to ¶74 of the Plaintiff's Complaint, Defendant City admits in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City. Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained

in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled by Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

28.     In response to ¶76 of the Plaintiff's Complaint, Defendant City admits that it is responsible for the actions of its employees, including elected officials, while they are acting within the scope of their employment with the City of Wichita.  Defendant City denies that the actions of Defendant Whipple as alleged in the Plaintiff's Complaint were within the scope of his employment as Mayor of the City of Wichita.

29.     Defendant City admits ¶77 of Plaintiff's Complaint.

30.     Defendant City denies ¶78 of Plaintiff's Complaint insomuch as Defendant City did not have notice of Plaintiff's disability, or notice that Plaintiff requested accommodation to participate in the content posted by Defendant City to the social media accounts controlled by Defendant City. Defendant City admits that the first and only notice received by the Defendant City of the allegations contained in Plaintiff's Complaint against Defendant City was when this action was served on Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to content posted by Defendant City to social media accounts controlled by Defendant City.

31.     Defendant City denies ¶79 of the Plaintiff's Complaint.

32.     Responding to ¶80 through ¶83 of the Plaintiff's Complaint, Defendant City admits in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos

posted by Defendant City to the social media platform accounts controlled by Defendant City. Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled by Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

33.      In response to ¶84 and its subparts, Defendant City admits in the months prior to the City receiving notice of Plaintiff's allegations or the filing of this action, Defendant City has been proactively working to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City.  Defendant City also admits that an auto-caption service is provided by Facebook and YouTube for certain videos posted to their respective platforms. Defendant City denies the allegations contained in these paragraphs that may suggest liability on behalf of Defendant City for failing to provide ADA compliant captioning to any third-party videos linked to the social media accounts controlled by Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to video content posted by Defendant City to social media accounts controlled by Defendant City.

34.      Defendant City denies ¶85, ¶86, including its subparts, ¶87, ¶88, ¶89, ¶90, ¶91 contained in Plaintiff's Complaint insomuch as Defendant City was already in the process of taking proactive affirmative action to provide ADA compliant captioning on all videos posted by Defendant City to the social media platform accounts controlled by Defendant City prior to the

Plaintiff filing this action against Defendant City.  Defendant City further admits that the first and only notice received by the Defendant City of the allegations contained in Plaintiff's Complaint against Defendant City was when this action was served on Defendant City.  Defendant City denies intentionally excluding Plaintiff or other individuals with a hearing disability from access to content posted by Defendant City to social media accounts controlled by Defendant City.

WHEREFORE, DEFENDANT CITY PRAYS THE COURT that Plaintiff's Complaint be dismissed with prejudice and Plaintiff takes nothing thereby, and Defendant City further prays for other such relief as may be fair and equitable and the Court deems just and proper.

Respectfully submitted,

  /s/ Erik S. Houghton
Erik S. Houghton, #27368
455 North Main, 13th Floor
Wichita, Kansas 67202
Phone: (316) 268-4681
Fax: (316) 858-7777
Email: ehoughton@wichita.gov
*Attorney for Defendant City of Wichita*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2021, I presented the above and foregoing **ANSWER OF DEFENDANT CITY OF WICHITA** to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of such electronic filing to the attorneys of record enrolled in the CM/ECF system, and a copy of same was placed in the United States Mail, postage prepaid and properly addressed to Plaintiff as follows:

Chris Haulmark
600 S. Harrison St., Apt. #11
Olathe, KS 66061

And via email to:

Randall K. Rathbun
Depew, Gillen, Rathbun & McInteer, LC
8301 E. 21st St., Ste. 4500
Wichita, KS 67206-2936
Phone: (316)262-4000
randy@depewgillen.com
*Attorney for Defendant Brandon Whipple*

s/ Erik S. Houghton_____
Erik S. Houghton, #27368
Deputy City Attorney