UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,              )
                      )
               Plaintiff,    )
                      )
v.                     )        Case No. 21-cv-1182-EFM-TJJ
                      )
WICHITA, CITY OF and BRANDON  )
WHIPPLE,               )
                      )
             Defendants.  )

## **SCHEDULING ORDER**

After reviewing the Report of Parties' Planning Conference submitted to the Court, the

court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **December 24, 2021** |
| Defendants' settlement counter-proposal | **January 7, 2022** |
| Jointly **filed** mediation notice (through CM/ECF), or confidential settlement reports **emailed** to magistrate judge ksd_james_chambers@ksd.uscourts.gov. | **January 21, 2022** |
| Mediation completed | **February 10, 2022** |
| ADR report due | **14 days after mediation is held** |
| Exchange documents identified in Rule 26(a) Initial Disclosures | **December 17, 2021** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| Fact discovery completed | **February 28, 2022** |
| Experts disclosed by plaintiff | **March 31, 2022** |
| Experts disclosed by defendant | **March 31, 2022** |
| Rebuttal experts disclosed | **May 31, 2022** |
| Expert discovery completed | **June 30, 2022** |

| Motions to dismiss | **February 3, 2022** |
|---|---|
| Motions to amend or join additional parties | **February 10, 2022** |
| All other potentially dispositive motions (e.g., summary judgment) | **August 4, 2022** |
| Motions challenging admissibility of expert testimony (Daubert Motions) | **60 days before trial** |
| Email status report to chambers (no more than 3 pages) with issues to be addressed at the status conference. ksd_james_chambers@ksd.uscourts.gov | **February 11, 2022** |
| Status conference before Judge James Courtroom 236 | **February 15, 2022 at 11:00 AM** |
| Proposed pretrial order due | **July 15, 2022** |
| Pretrial conference before Judge James – Courtroom 236 | **July 21, 2022 at 10:00 AM** |
| Jury trial in Wichita ,KS before Chief Judge Eric F. Melgren, in courtroom unknown. ETT 2-3 days. | **To be set at the pretrial conference** |

1)      **Alternative Dispute Resolution (ADR).**

The court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendants by **December 24, 2021**.   Defendants must make a good-faith counter-proposal by **January 7, 2022**. By **January 21, 2022**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but not the presiding U.S. District Judge) at ksd_james_chambers@ksd.uscourts.gov. These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement

2

reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office.

Mediation is ordered. Absent further order of the court, mediation must be held no later than **<u>February 10, 2022</u>**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2)    Discovery.**

a)     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b)     In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the

3

various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **December 17, 2021**.

      c)      Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In any event, final supplemental disclosures must be served no later than 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

      d)      All fact discovery must be commenced or served in time to be completed by **February 28, 2022**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any non-privileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors:   (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden

4

or expense of the proposed discovery outweighs its likely benefi

      e)     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **March 31, 2022**, and by defendants by **March 31, 2022**; disclosures and reports by any rebuttal experts must be served by **May 31, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      f)     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      g)     Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

- Defendants propose that all information produced by either party shall initially be produced in paper form or .pdf, unless ESI is specifically requested in the initial request. In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific document(s) by Bates-number(s). The party requesting ESI will also identify the nature of ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of such information. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence of such

information and the expenses associated with confirming the existence or nonexistence of such information.

- It is Defendants' position that production of "all information" in native format in the first instance is unnecessarily burdensome.
- It is Plaintiff's position that the papers should be mailed to our addresses at our own expense. Videos should be in a format compatible with most video players. They can be stored on a flash drive. By way of example, with my Requests for Production of Documents, all the videos, transcripts in PDF format, and any other electronic information in PDF format can be stored onto a flash drive to be mailed to my address. As an alternative, I would propose that these data be zipped up into one enormous zip file, which would be available on a website for me to directly download.

h)      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

- the parties will meet and confer regarding all discovery disputes and attempt to resolve the disputes without involving the Court. In the event the parties are unable to resolve the dispute, they will jointly contact chambers to schedule a status conference to discuss the dispute. Motions regarding discovery disputes will be filed only after the parties jointly confer with the Court.

- Plaintiff prefers not to use oral discussion or argument because a sign language interpreter may be too difficult to obtain on a short notice and difficult to communicate through with these sensitive disputes. I am open to written communication via email with the chambers involved. In my mind, I consider this to be an "unofficial motion for compel" that is not filed.

i)      No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

j)      No more than 5 depositions may be taken by plaintiff, and no more than 5 depositions may be taken by defendants. Each deposition must be limited to 7 hours except for the deposition(s) of experts which must be limited to 14 hours. All depositions must be governed by the written guidelines that are available on the court's website:

http://www.ksd.uscourts.gov/deposition-guidelines/

6

k)      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3)      Motions.**

a)      Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process,

failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **February 3, 2022**.

b)       Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 10, 2022**.

c)       All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **August 4, 2022**.

d)       Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e)       All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **60 days before trial**.

f)       **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider calling or emailing the undersigned Magistrate Judge's chambers to arrange a telephone or in-person discovery conference before filing such a motion. But such a conference is not mandatory.**

8

g)      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b). In the event a telephone or in-person discovery conference is held, if appropriate the court will adjust the deadline for filing a motion to compel.

h)      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i)      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)      Pretrial Conference, Trial, and Other Matters.**

a)      The parties agree that principles of comparative fault do not apply to this case.

b)       Pursuant to Fed. R. Civ. P. 16(a), a discovery status conference is scheduled for **February 15, 2022 at 11:00 AM**. before the undersigned Magistrate Judge by in Courtroom #236, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. The attorneys who have entered an appearance and pro se parties must attend the conference <u>in person</u>, unless at least 5 days prior to the conference they obtain leave to appear by telephone. Such leave will be freely granted upon appropriate request, by e-mailing Judge James' chambers

9

at ksd_james_chambers@ksd.uscourts.gov.   If counsel for any party or any pro se party is granted leave to participate by telephone, then <u>all</u> counsel and pro se parties will be notified by docket entry on the ECF System of the call-in number and <u>all will be required to participate by phone in the conference at the scheduled time</u>. The parties may submit a joint report or separate reports, by **February 11, 2022**, but each should be no more than 3 pages in length. The report(s) shall be sent via email to the undersigned Magistrate Judge at

ksd_james_chambers@ksd.uscourts.gov. The parties will timely advise the Court if they believe there is no reason to hold the status conference.

    c)   Pursuant to Fed. R. Civ. P. 16(e), an in person pretrial conference is scheduled for **July 21, 2022 at 10:00 AM** in Courtroom #236, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. The attorneys who have entered an appearance and pro se parties must attend the conference in person, unless at least 5 days prior to the conference they obtain leave to appear by telephone. Such leave will be freely granted upon appropriate request, by e-mailing Judge James' chambers at ksd_james_chambers@ksd.uscourts.gov. If counsel for any party or any pro se party is granted leave to participate by telephone, then all counsel and pro se parties will be notified by docket entry on the ECF System of the call-in number and all will be required to participate by phone in the conference at the scheduled time. Unless otherwise notified, the undersigned Magistrate Judge will conduct the conference.

    No later than **July 15, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to

*ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures

governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for*

*Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

   d)  The parties expect the [jury] [non-jury] trial of this case to take approximately 2-3

trial days. The case will be tried in Wichita **,** Kansas before Chief Judge Eric F. Melgren, and this

case will be set for trial on the court's docket beginning on a date **To be set at the pretrial**

**conference**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore,

during the month preceding the trial docket setting, counsel should stay in contact with the trial

judge's courtroom deputy to determine the day of the docket on which trial of the case actually

will begin. The trial setting may be changed only by order of the judge presiding over the trial.

The parties and counsel are advised that any future request for extension of deadlines that

includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later)

trial date.

   e)  The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this

time.

   f)  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar

Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their

pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize

themselves with the *Pillars of Professionalism* and conduct themselves accordingly when

litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 10, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge