Randall K. Rathbun #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS   67206-2936
Telephone:  (316) 262-4000
randy@depewgillen.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK,               )<br>                                                  )<br>              Plaintiff,           )<br>                                                  )<br>vs.                                            )<br>                                                  )<br>                                                  )<br>CITY OF WICHITA and BRANDON )<br>WHIPPLE, in his official capacity as the )<br>Mayor of the City of Wichita,        )<br>                                                  )<br>              Defendants.         )<br>_____ ) | Case No.:  21-1182-EFM-TJJ |

### RESPONSE TO PLAINTIFF'S
### MOTION TO COMPEL

This Court has been abundantly clear with the plaintiff: This is not a § 1983 case.  If you want discovery in this case you must show that Title II of the ADA applies to the private campaign page of the Mayor.  Plaintiff indicated that he clearly understood this Court.

His response, however, was as predictable as K-State blowing a 20 point lead in Bramlage to the Jayhawks.  He cites NO cases showing that the ADA

applies to the mayor's personal campaign Facebook page, and instead continues to cite § 1983 cases and repeat his ever-present threat to file a § 1983 case. And given his litigation history, he will no doubt do so. But that lawsuit is for another day.

The Mayor has three different Facebook pages: (1) The Mayor's Page controlled by the City, (2) Brandon Whipple's personal Facebook page, and (3) Brandon Whipple's campaign Facebook page controlled by Whipple for Mayor, Chelsea Whipple, Treasurer.[1] In spite of suing the Mayor in his official capacity, the target of the plaintiff's umbrage is the latter. The issue before this Court is whether the ADA applies to the Mayor's personal campaign Facebook page

As Judge Melgren recently noted in another of the plaintiff's lawsuits:

> To state a claim under Title II, Haulmark must allege that (1) he is a qualified individual with a disability, (2) **who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities,** and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.

*Haulmark v. Kansas*, No. 20-CV-4084-EFM-TJJ, 2021 WL 4124645, at *5 (D. Kan. Sept. 9, 2021) (citing *Robertson v. Las Animas Cty. Sheriff's Dep't,* 500 F.3d 1185 (10th Cir. 2007).

The issue before the Court is whether the Mayor's personal campaign Facebook page is a "public entity's service, program or activity." The answer, of

---

[1]This page can be found by searching "Vote Whipple" on Facebook.

course, is no.  The answer is so obviously no that the plaintiff cannot find a single case to support his contention.  Instead of admitting that obvious reality, the plaintiff argues that the City and the Mayor "misunderstand" Title II.  It may indeed be that the plaintiff is the only one in the country who understands Title II of the ADA. Defendants respectfully contend that such is not the case.

      The City obviously cannot provide services, programs or activities through the campaign page of an elected official.  An elected official cannot accept benefits from the City in his campaign.  The fallacy of the plaintiff's argument becomes crystal clear in the following example.  The Mayor of Wichita is, of course, an elected position.  As such, he gives campaign speeches talking about his goals, aspirations and achievements as Mayor.  He talks about things he has accomplished as Mayor.  Under the plaintiff's theory, the ADA would require the Mayor to bring along an ASL interpreter with him every time he makes a campaign speech.  Campaign speeches are open to the public–and according to the plaintiff, are subject to the ADA.

      The thing that appears to be wrapping the plaintiff around the ADA axle is the fact that Covid has required a different type of campaigning.  Baby kissing and retail politics have in large part been replaced by Facebook live chats during the pandemic.  But the Mayor's basement campaign chat are his Facebook live chats in which he talks about his ideas, his goals, his aspirations.  The City Ordinance regarding the position of Mayor specifically provides that he has no

3

more power than a council member, has no executive or administrative powers, and has no veto power. City of Wichita Code, § 2.04.030, 035. Consequently, any construction of the ADA that applies to the Mayor's campaign speeches will apply with equal force to any other member of the council who gives a public campaign speech.

The ADA case the plaintiff cites has nothing to do with this case. In *Martinez v. Coumo*, 459 F. Supp. 3d 517, 522 (S.D.N.Y. 2020), Governor Cuomo was sued *only* in his official capacity as the Governor's office because–unlike the 49 other Governors in this country and New York City Mayor Bill de Blasio–his office did not provide an in-frame ASL interpreter in his live televised briefings on the Coronavirus. *Cuomo* has nothing to do with personal campaign Facebook pages. Inexplicably, the plaintiff here sued the Mayor in only his official capacity, but demands access to his personal campaign Facebook page.

There is no support anywhere in the ADA that requires the Mayor to provided ASL services on his campaign Facebook page. The motion to compel should be denied.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
*Attorneys for Defendant Whipple*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2022, the above and foregoing **Response to Plaintiff's Motion to Compel** was filed via ECF and notice sent to:

Chris Haulmark
600 S. Harrison Street, Apt. 11
Olathe, KS 66061
chris@sigd.net
*Plaintiff pro se*

Erik S. Houghton
City of Wichita
455 N. Main, 13th Floor
Wichita, KS 67202
*Attorneys for Defendant City of Wichita*

/s/Randall K. Rathbun
Randall K. Rathbun #09765