Randall K. Rathbun #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS  67206-2936
Telephone:  (316) 262-4000
randy@depewgillen.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CITY OF WICHITA and BRANDON ) <br> WHIPPLE, in his official capacity as the ) <br> Mayor of the City of Wichita, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.:  21-1182-EFM-TJJ |

RESPONSE TO PLAINTIFF'S
MOTION TO REVIEW MAGISTRATE'S ORDER

In the last Zoom conference with Magistrate Judge James, the Court was abundantly clear with the plaintiff: This is not a § 1983 case.  If you want discovery in this case you must show that Title II of the ADA applies to the private campaign page of the Mayor.  Plaintiff indicated that he clearly understood this Court.

His response, however, was as predictable as ants at a picnic. Plaintiff cited NO cases showing that the ADA applies to the Mayor's personal campaign Facebook page, and instead continued to cite § 1983 cases and repeat his ever-present threat to file a § 1983 case. And given his litigation history, he will no doubt do so. But that lawsuit is for another day.

The Mayor has three different Facebook pages: (1) The Mayor's Page controlled by the City, (2) Brandon Whipple's personal Facebook page, and (3) Brandon Whipple's campaign Facebook page controlled by Whipple for Mayor, Chelsea Whipple, Treasurer.[1] In spite of suing the Mayor in his official capacity, the target of the plaintiff's umbrage is ***only*** the latter–the Brandon Whipple campaign Facebook page. Accordingly, the issue before this Court is whether Judge James was clearly erroneous in holding that the ADA did not apply to the Mayor's personal campaign Facebook page.

Judge James held that it clearly did not. As the Court noted:

> This is not a § 1983 case—Plaintiff asserts no § 1983 claims. The Court finds the numerous § 1983 cases cited by Plaintiff distinguishable and unhelpful in resolving the question whether discovery relating to a private Facebook page is relevant. The Court declines to apply their rationale to justify allowing the discovery here.

Doc. 35, at pg.10

---

[1]This page can be found by searching "Vote Whipple" on Facebook.

2

# I. ARGUMENT AND AUTHORITIES

## A. THE STANDARD OF REVIEW

The standard for review of the Magistrate Judge's order is, of course, well established. As this Court noted several months ago in *Vance v. Vance,* No. 19-CV-1136-EFM-GEB, 2022 WL 767299, at *2 (D. Kan. Mar. 14, 2022):

> When reviewing a magistrate judge's order relating to non-dispositive matters, the district court does not conduct a de novo review but instead applies a more deferential standard. Only if the district court finds that the magistrate judge's decision is "clearly erroneous or is contrary to law" will the district court set it aside. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." And a finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." (Citations omitted).

## B. THE MAGISTRATE JUDGE'S RULINGS WERE NOT CLEARLY ERRONEOUS OR CONTRARY TO THE LAW.

As this Court recently noted in its order dismissing another of the plaintiff's lawsuits seeking relief under the ADA:

> To state a claim under Title II, Haulmark must allege that (1) he is a qualified individual with a disability, (2) **who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities,** and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.

3

*Haulmark v. Kansas*, No. 20-CV-4084-EFM-TJJ, 2021 WL 4124645, at *5 (D. Kan. Sept. 9, 2021) (citing *Robertson v. Las Animas Cty. Sheriff's Dep't,* 500 F.3d 1185 (10th Cir. 2007).

The issue before the Court is whether Judge James' ruling that the Mayor's personal campaign Facebook page is not a "public entity's service, program or activity" is clearly erroneous or contrary to the law.  The answer, of course, is no.  The answer is so obviously no that the plaintiff cannot find a single case to support his contention.  Instead of admitting that obvious reality, the plaintiff argues, in effect, that the City, the Mayor and Judge James misunderstand or miscalculate Title II.  It may indeed be that the plaintiff is the only one in the country who understands Title II of the ADA. Defendant respectfully contends that such is not the case.

The City obviously cannot provide services, programs or activities through the campaign page of an elected official.  An elected official cannot accept benefits from the City in his campaign.  The fallacy of the plaintiff's argument becomes crystal clear in the following example.  The Mayor of Wichita is, of course, an elected position.  As such, he gives campaign speeches talking about his goals, aspirations and achievements as Mayor.  He talks about things he has accomplished as Mayor.  Under the plaintiff's theory, these campaign speeches are a "public entity's service, program or activity."  Under the plaintiff's theory, the ADA requires the Mayor to bring along an ASL interpreter with him every

time he makes a campaign speech. Campaign speeches are open to the public–and according to the plaintiff, are therefore subject to the ADA.

The thing that appears to be wrapping the plaintiff around the ADA axle is the fact that Covid required a different type of campaigning. Baby kissing and retail politics were in large part been replaced by Facebook live chats during the pandemic. But the Mayor's basement campaign chats are his Facebook live chats in which he talks about his ideas, his goals, his aspirations.

The City Ordinance regarding the position of Mayor specifically provides that he has no more power than a council member, has no executive or administrative powers, and has no veto power. City of Wichita Code, § 2.04.030, 035. Consequently, any construction of the ADA that applies to the Mayor's campaign speeches will apply with equal force to any other member of the council who gives a public campaign speech.

The ADA case the plaintiff cites has nothing to do with this case. In *Martinez v. Coumo*, 459 F. Supp. 3d 517, 522 (S.D.N.Y. 2020), Governor Cuomo was sued *only* in his official capacity as the Governor's office because–unlike the 49 other Governors in this country and New York City Mayor Bill de Blasio–his office did not provide an in-frame ASL interpreter in his live televised briefings on the Coronavirus. *Cuomo* has nothing to do with personal campaign Facebook pages. Inexplicably, the plaintiff here sued the Mayor in only his official capacity, but demands access to his personal campaign Facebook page.

5

Additionally, it must be noted that all the Facebook live campaign speeches about which plaintiff complains are archived on the campaign Facebook page. All can be downloaded to YouTube, where they are then closed captioned. The true nature of the plaintiff's complaint is that he cannot debate the Mayor in his campaign live speeches if he has to download the speeches and read a closed captioned transcript of the remarks.

In conclusion, there is no support anywhere in the ADA that requires the Mayor to provide ASL services on his campaign Facebook page. If the ADA Title II net is as broad as the plaintiff suggests, all state and local office holders are going to be caught in it when they give campaign speeches. The order of the Magistrate Judge should be upheld.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
*Attorneys for Defendant Whipple*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2022, the above and foregoing **Response to Plaintiff's Motion to Review Magistrate's Order** was filed via ECF and notice sent to:

Chris Haulmark
600 S. Harrison Street, Apt. 11
Olathe, KS 66061
chris@sigd.net
*Plaintiff pro se*

Erik S. Houghton
City of Wichita
455 N. Main, 13th Floor
Wichita, KS 67202
*Attorneys for Defendant City of Wichita*

                        /s/Randall K. Rathbun
                        Randall K. Rathbun #09765