IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,

*Plaintiff,*

vs.

Case No. 21-CV-1182-EFM-TJJ

CITY OF WICHITA, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Chris Haulmark's Motion to Review Magistrate Judge Teresa J. James's Order (Doc. 37). Haulmark argues that Magistrate Judge James erred in denying his Motion to Compel. For the reasons stated below, the Court denies Haulmark's motion.

### I.   Factual and Procedural Background

In July 2021, Haulmark brought suit against the City of Wichita and Brandon Whipple in his official capacity as Mayor of the City of Wichita. Relevant here, Haulmark alleges that Whipple, in his official capacity as Mayor, livestreams videos on his Facebook page,[1] promoting official government business and communicating directly with the public, without providing captioning or transcripts. Haulmark asserts that because Whipple is the Mayor of the City of

---

[1] https://www.facebook.com/VoteWhipple.

Wichita, Whipple's Facebook page is subject to Title II of the Americans with Disabilities Act ("ADA") and Whipple's failure to provide captioning or transcripts on his Facebook videos violates Title II.

As part of this claim, Haulmark sought discovery related to Whipple's Facebook page. Whipple objected on the ground that his Facebook page is a campaign page not subject to Title II of the ADA. Haulmark then filed his Motion to Compel, which Magistrate Judge James denied. Haulmark now seeks review of that Order.

## II.     Legal Standard

When reviewing a magistrate judge's order relating to non-dispositive matters, the district court does not conduct a *de novo* review but instead applies a more deferential standard.[2] Only if the district court finds that the magistrate judge's decision is "clearly erroneous or is contrary to law" will the district court set it aside.[3] To be clearly erroneous, a decision must strike the Court as "more than possibly or even probably wrong."[4] "A finding is 'contrary to law' if it fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

Relevant here, Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In other words, considerations of both relevance and proportionality expressly govern the scope of discovery.[6]

---

[2] *Gilmore v. L.D. Drilling, Inc.*, 2017 WL 5904034, at *1 (D. Kan. 2017) (citations omitted).

[3] Fed. R. Civ. P. 72(a).

[4] *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) (citation omitted).

[5] *Vance v. Vance*, 2022 WL 767299, at *2 (D. Kan. 2022) (internal quotations and citation omitted).

[6] Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment.

-3-

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[7] When a responding party fails to make a disclosure or permit discovery, Fed. R. Civ. P. 37(a) permits the discovering party to file a motion to compel. The party seeking discovery bears the initial burden to establish relevance, but it does not bear the burden to address all proportionality considerations.[8]

### III. Analysis

Haulmark seeks review of Magistrate Judge James's order denying his Motion to Compel discovery into Whipple's campaign Facebook page. Haulmark argues that Magistrate Judge James clearly erred in (1) ruling that Title II of the ADA cannot apply to a private Facebook page; (2) failing to apply a federal regulation which prohibits public entities from discriminating in providing services including when using a contractual, licensing, or other arrangements;[9] and (3) assuming that Haulmark seeks injunctive relief relating to Whipple's Facebook page.

First, the Court disagrees with Haulmark's assertion that Magistrate Judge James clearly erred in ruling that Title II of the ADA cannot apply to a private Facebook page. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[10]

---

[7] *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (citation omitted).

[8] Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment.

[9] *See* 28 C.F.R. §§ 35.130(b)(1), 41.51(b)(1).

[10] 42 U.S.C. § 12132.

Haulmark asserts that because a mayor's role is to connect with citizens, the City of Wichita provides municipal benefits through Whipple's Facebook campaign page each time Whipple engages with the public on his campaign page. Thus, Haulmark argues that he is denied the benefit of the City of Wichita's services each time Whipple uses his campaign page to interact with the public without providing accommodations for those with disabilities. Haulmark further asserts that Title II requires public entities to ensure that employees' and elected officials' postings on their personal social media accounts relating to the public entity's official business are compliant with Title II.

As noted by Magistrate Judge James, however, this assertion is untenable and unsupported by the law. The Court can find no case law in support of Haulmark's argument. Thus, Magistrate Judge James did not clearly err in concluding that Title II does not extend to such lengths.

Second, Haulmark argues that Magistrate Judge James erred in failing to apply regulations which prohibit public entities from discriminating in providing services including when using contractual, licensing, or other arrangements.[11] As discussed above, however, to consider communications on a public employee's campaign page as services of the public entity is a bridge too far.

Third, Haulmark argues that Magistrate Judge James erred in her statement that Haulmark "seeks injunctive relief relating to the Mayor's personal campaign Facebook page." Haulmark clarifies that he does not seek injunctive relief against Whipple's Facebook page, but requests that the City of Wichita "adopt policy language prohibiting its employees and elected officials . . . from discriminating . . . in the course of performing municipal duties anywhere, including on a private

---

[11] *See* 28 C.F.R. §§ 35.130(b)(1), 41.51(b)(1).

Facebook page or on other private social media platforms" and "ensure that employees and elected officials posting videos and/or audio recordings to their personal social media accounts relating to the City of Wichita's official business are provided with appropriate auxiliary aids and services, as mandated by Title II." Regardless of Haulmark's characterization of the relief sought, the result is the same. There is simply no support in the law for Haulmark's assertion that Title II requires public entities to fund accessibility services on employees' personal social media accounts or campaign pages simply because the employees reference the entity's official business.

Because Haulmark's contention that Title II covers personal social media pages of public entities' employees in not supported by law, Magistrate Judge James's conclusion that Haulmark's discovery requests relating to Whipple's Facebook page do not seek relevant information was not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Haulmark's Motion to Review Magistrate Judge Teresa J. James's Order (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE