APPEAL,DISC,ETT−3D,MEDIATION

# U.S. District Court
## DISTRICT OF KANSAS (Wichita)
## CIVIL DOCKET FOR CASE #: **6:21−cv−01182−EFM−TJJ**

Haulmark v. Wichita, City of et al  
Assigned to: Chief District Judge Eric F. Melgren  
Referred to: Magistrate Judge Teresa J. James  
Demand: $25,000  
Cause: 42:12131 Civil Disabilities Act

Date Filed: 07/27/2021  
Jury Demand: Both  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question

**Plaintiff**

**Chris Haulmark**     represented by     **Chris Haulmark**  
600 S. Harrison St.  
Apt #11  
Olathe, KS 66061  
512−366−3981  
Email:  
PRO SE  
*Bar Number:*  
*Bar Status:*

V.

**Defendant**

**Wichita, City of**     represented by     **Erik Houghton**  
City of Wichita, Law Department  
455 N. Main, Suite 13th Floor  
Wichita, KS 67202  
316−268−4681  
Alternative Phone:  
Cell Phone:  
Email: ehoughton@wichita.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Bar Number: 27368*  
*Bar Status: Active*

**Defendant**

**Brandon Whipple**     represented by     **Randall K. Rathbun**  
*in his official capacity as the Mayor of the City of Wichita*  
Depew Gillen Rathbun & McInteer, LC  
8301 East 21st Street North, Suite 450  
Wichita, KS 67206−2936  
316−262−4000 ext 108  
Fax: 316−265−3819  
Alternative Phone:  
Cell Phone:  
Email: randy@depewgillen.com  
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Number: 09765*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/27/2021 | 1 | | COMPLAINT with trial location of Wichita, filed by Chris Haulmark. (Attachments: # 1 Exhibit 1) (jk) (Entered: 07/27/2021) |
| 07/27/2021 | 2 | | CIVIL COVER SHEET re 1 Complaint by Plaintiff Chris Haulmark. (jk) (Entered: 07/27/2021) |
| 07/27/2021 | | | FILING FEE PAID: in the amount of $402, receipt number W4631025730. (jk) (Entered: 07/27/2021) |
| 07/27/2021 | | | SUMMONS ISSUED as to Brandon Whipple, Wichita, City of (Returned to plaintiff for service). (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) Copy of NEF mailed to pro se Plaintiff Chris Haulmark at 600 S. Harrison St. Apt #11, Olathe, KS 66061 by regular mail. (jk) (Entered: 07/27/2021) |
| 08/03/2021 | 3 | | SUMMONS RETURNED EXECUTED –– Certified Mail by Chris Haulmark upon Brandon Whipple served on 7/29/2021, answer due 8/19/2021; Wichita, City of served on 7/29/2021, answer due 8/19/2021. (jk) (Entered: 08/03/2021) |
| 08/10/2021 | 4 | | ENTRY OF APPEARANCE by Randall K. Rathbun on behalf of Brandon Whipple. (Rathbun, Randall) (Entered: 08/10/2021) |
| 08/12/2021 | 5 | | CLERKS ORDER EXTENDING TIME until 9/02/2021 for Defendant Brandon Whipple to answer or otherwise plead. Signed by deputy clerk on 8/12/2021. Mailed to pro se Plaintiff Chris Haulmark at 600 S. Harrison St. Apt #11, Olathe, KS 66061 by regular mail. (jk) (Entered: 08/12/2021) |
| 08/16/2021 | 6 | | CLERKS ORDER EXTENDING TIME until 9/02/2021 for Defendant Wichita, City of to answer or otherwise plead. Signed by deputy clerk on 8/16/2021. Mailed to pro se party Chris Haulmark at 600 S. Harrison St. Apt #11, Olathe, KS 66061 by regular mail. (jk) (Entered: 08/16/2021) |
| 09/02/2021 | 7 | | ANSWER to 1 Complaint by Wichita, City of.(Houghton, Erik) (Entered: 09/02/2021) |
| 09/02/2021 | 8 | | ANSWER to 1 Complaint by Brandon Whipple.(Rathbun, Randall) (Entered: 09/02/2021) |
| 09/03/2021 | 9 | | DESIGNATION OF PLACE OF TRIAL filed by Defendant Wichita, City of – trial to be held in Wichita. (Houghton, Erik) (Entered: 09/03/2021) |
| 09/21/2021 | 10 | | INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Rule 26 Planning Conference Deadline 10/6/2021. Report of Parties Planning Meeting and Rule 26 Initial Disclosures due 10/20/2021. Signed by Magistrate Judge Teresa J. James on 9/21/21. Mailed to pro se party Chris Haulmark by regular mail. (ct) (Entered: 09/21/2021) |
| 10/13/2021 | 11 | | |

|  |  |  | CERTIFICATE OF SERVICE OF FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS by Chris Haulmark. (sz) (Entered: 10/13/2021) |
|---|---|---|---|
| 10/18/2021 | 12 |  | NOTICE OF SERVICE by Wichita, City of of Rule 26 Initial Disclosures (Houghton, Erik) (Entered: 10/18/2021) |
| 10/20/2021 | 13 |  | NOTICE OF SERVICE by Brandon Whipple of Rule 26(a)(1) Initial Disclosures (Rathbun, Randall) (Entered: 10/20/2021) |
| 11/12/2021 | 14 |  | NOTICE of Stipulation For Extension by Wichita, City of (Houghton, Erik) (Entered: 11/12/2021) |
| 11/12/2021 | 15 |  | STIPULATION *For Extension* by Brandon Whipple. (Rathbun, Randall) (Entered: 11/12/2021) |
| 11/24/2021 | 16 |  | CERTIFICATE OF SERVICE OF PLAINTIFF HAULMARK'SRULE 26(A)(l) INITIAL DISCLOSURES TO DEFENDANTS by Chris Haulmark. (sz) (Entered: 11/24/2021) |
| 12/10/2021 | 17 |  | SCHEDULING ORDER: Fact discovery deadline 2/28/2022; Expert discovery deadline 6/30/2022. Dispositive motion deadline 8/4/2022. Mediation deadline 2/10/2022. Mediation Notice or Confidential Settlement Report Due to Magistrate Judge on 1/21/2022. Proposed Pretrial Order due by 7/15/2022. Final Pretrial Conference set for 7/21/2022 at 10:00 AM before Magistrate Judge Teresa J. James in KC Courtroom 236. Status Conference set for 2/15/2022 at 11:00 AM before Magistrate Judge Teresa J. James in KC Courtroom 236. Estimated trial time 2−3 days. See Order for additional deadlines. Signed by Magistrate Judge Teresa J. James on 12/10/21. Mailed to pro se party Chris Haulmark by regular mail. (ct) (Entered: 12/10/2021) |
| 12/14/2021 | 18 |  | NOTICE OF ZOOM VIDEO CONFERENCE: Discovery Conference set by Zoom video for 12/16/2021 at 02:00 PM before Magistrate Judge Teresa J. James. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 12/14/2021) |
| 12/16/2021 | 19 |  | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: ZOOM VIDEO CONFERENCE held on 12/16/2021. Plaintiff appeared pro se with an interpreter and Defendants appeared by Randall Rathbun and Erik Houghton. The Court gave the parties guidance on discovery disputes, ordered the parties to confer in good faith before filing any motions to compel, and extended the deadline for Plaintiff to file a motion to compel as to either Defendant's responses to his Requests for Production to January 14, 2022. The fundamental issue that is central to the discovery disputes discussed is whether Title II of the ADA applies to Defendant Whipple's personal Facebook page, and therefore whether any discovery relating to the personal page is relevant. The Court instructed Plaintiff that if he files a motion to compel relating to Defendant Whipple's personal Facebook page, Plaintiff will need to cite legal authority to support his position. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 12/16/2021) |
| 12/17/2021 | 20 |  | CERTIFICATE OF SERVICE of Plaintiff Haulmark's Identified Documents to Defendant by Chris Haulmark. (jk) Modified title on 12/20/2021 to remove all caps (ca). (Entered: 12/20/2021) |

| | | | |
|---|---|---|---|
| 12/24/2021 | 21 | | CERTIFICATE OF SERVICE of Plaintiff Haulmark's Good–Faith Settlement Proposal to Defendants by Chris Haulmark. (jk) (Entered: 12/27/2021) |
| 01/14/2022 | 22 | | MOTION FOR EXTENSION OF TIME TO FILE MOTION TO COMPEL by Plaintiff Chris Haulmark. (referred to Magistrate Judge Teresa J. James) (sz) (Entered: 01/14/2022) |
| 01/18/2022 | 23 | | ORDER granting 22 Plaintiff's Motion for Extension of Time to File a Motion to Compel. For good cause shown and to encourage continued good faith discussions between the parties, the Court grants Plaintiff an additional 3 weeks––until February 4, 2022––to file a motion to compel regarding his Requests for Production served on Defendants. But the parties should not expect further extensions of this deadline. The Court already granted Plaintiff substantial additional time during the Zoom conference on December 16, 2021. While the Court appreciates that the parties continue to discuss their disputes in good faith, the Court also wants to ensure that discovery stays on track for timely completion. Signed by Magistrate Judge Teresa J. James on 1/18/22. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 01/18/2022) |
| 01/25/2022 | 24 | | ORDER. Based upon the parties' email reports to the Court (which do not constitute proper Confidential Settlement Reports), it appears that Defendant City has failed to comply with its Good Faith Settlement Proposal deadline. It is unclear whether Defendant Whipple also missed the deadline or whether the ultimate proposal will come from both parties jointly. Apparently, both Plaintiff and Defendant Whipple are waiting on the Defendant City's Good Faith Settlement Proposal in order to move forward with potential settlement. Defendant City and Defendant Whipple are ordered to serve their Good Faith Settlement Proposal(s) on Plaintiff forthwith or file a motion forthwith explaining why they have failed to do so and requesting a brief but specific deadline by when they will do so. The Court will set a new deadline for all parties to submit proper Confidential Settlement Reports to the Court, after Defendant City and Defendant Whipple serve their Good Faith Settlement Proposal(s) on Plaintiff. Plaintiff's February 4, 2022 motion to compel deadline remains in place and will not be extended. Plaintiff is reminded of ECF No. 19 , requiring that he cite legal authority in his motion to compel regarding Defendant Whipple's personal Facebook page. All other scheduling order deadlines also remain in place. If the parties cannot settle the case and if they desire extensions of any current deadlines, then they shall first confer in good faith, and then file an appropriate motion for any requested extensions before the pertinent deadline(s) expire. Signed by Magistrate Judge Teresa J. James on 1/25/22. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 01/25/2022) |
| 01/25/2022 | 25 | | MOTION for extension of time by Defendant Wichita, City of (referred to Magistrate Judge Teresa J. James) (Houghton, Erik) (Entered: 01/25/2022) |
| 01/26/2022 | 26 | | ORDER granting 25 Motion for Extension of Time. In its motion, Defendant City of Wichita explains why to–date, it has been unable to serve Defendants' good faith settlement proposal on Plaintiff. The City asks for an extension until February 2, 2022 to serve Defendants' good faith settlement proposal, and also |

| | | | |
|---|---|---|---|
| | | | an extension of the deadline for the parties to submit their confidential settlement reports to the Court or file their Notice of Mediation. Neither Plaintiff nor Defendant Whipple opposes. For good cause shown, the Court grants an extension for Defendants to serve their good faith settlement proposal on Plaintiff to February 2, 2022. In addition, the Court extends the time for the parties to submit their confidential settlement reports or file their joint Notice of Mediation until February 9, 2022. Signed by Magistrate Judge Teresa J. James on 1/26/22. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 01/26/2022) |
| 02/02/2022 | 27 | | NOTICE OF SERVICE by Wichita, City of of Defendant City of Wichita's Good Faith Settlement Counter−Proposal (Houghton, Erik) (Entered: 02/02/2022) |
| 02/04/2022 | 28 | | MOTION to Compel Discovery from Defendant Whipple and Brief in Support by Plaintiff Chris Haulmark. (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Exhibits) (jsh) (Entered: 02/04/2022) |
| 02/14/2022 | 29 | | JOINT MEDIATION NOTICE – Mediation to be held 03/03/2022 by Brandon Whipple (Rathbun, Randall) (Entered: 02/14/2022) |
| 02/14/2022 | 30 | | NOTICE OF CANCELLED HEARING: Status Conference set for 2/15/22 at 11:00 AM cancelled. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 02/14/2022) |
| 02/15/2022 | 31 | | MEDIATION MINUTE ORDER, modifying mediation deadline. As the Court has already informally advised the parties, the mediation deadline in this case is extended to 3/24/22. Signed by Magistrate Judge Teresa J. James on 2/15/22. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 02/15/2022) |
| 02/16/2022 | 32 | | RESPONSE by Defendant Brandon Whipple re 28 Motion to Compel (Rathbun, Randall) (Entered: 02/16/2022) |
| 03/01/2022 | 33 | | REPLY TO RESPONSE TO MOTION by Plaintiff Chris Haulmark re: 28 Motion to Compel. (sz) (Entered: 03/01/2022) |
| 03/21/2022 | 34 | | ADR REPORT by Wichita, City of. ADR session held on: March 3, 2022 and conducted by Diane H. Sorensen. Results of ADR: Case did not settle. Status of litigation at time of ADR: Partial Discovery(Houghton, Erik) (Entered: 03/21/2022) |
| 05/06/2022 | 35 | | MEMORANDUM AND ORDER denying 28 Motion to Compel. Signed by Magistrate Judge Teresa J. James on 5/6/22. Mailed to pro se party Chris Haulmark by regular mail. (ct) (Entered: 05/06/2022) |
| 05/16/2022 | 36 | | RETURN MAIL received re 35 Memorandum and Order addressed to Chris Haulmark. Doc. 35 re−mailed to 600 S Harrison St. Apt 11 Olathe, KS 66061 with additional postage. (mam) (Entered: 05/16/2022) |
| 05/17/2022 | 37 | | MOTION for Review Magistrate Judge's Order and Memorandum in Support by Plaintiff Chris Haulmark (hw) (Entered: 05/17/2022) |
| 05/25/2022 | 38 | | |

| | | | |
|---|---|---|---|
| | | | UNOPPOSED MOTION for Extension of Time to File a Response as to 37 Motion for Review by Defendant Brandon Whipple. (Rathbun, Randall) (Entered: 05/25/2022) |
| 05/25/2022 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 38 Unopposed MOTION for Extension of Time to File Response as to 37 MOTION for Review. The motion will be resolved by the District Judge. (ct)** (Entered: 05/25/2022) |
| 05/25/2022 | 39 | | ORDER granting 38 Unopposed MOTION for Extension of Time to File Response as to 37 MOTION for Review. Response deadline 6/10/2022. Signed by Chief District Judge Eric F. Melgren on 5/24/2022. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 05/25/2022) |
| 05/25/2022 | | | NOTICE re Pro Se Mailing. Document 39 Order on Motion for Extension of Time to File Response mailed to Chris Haulmark at 600 S. Harrison St. Apt #11 Olathe, KS 66061 on 5/25/2022 by regular mail. (mam) (Entered: 05/25/2022) |
| 06/06/2022 | 40 | | RESPONSE by Defendant Brandon Whipple re 37 Motion for Review (Rathbun, Randall) (Entered: 06/06/2022) |
| 06/13/2022 | 41 | | REPLY TO RESPONSE TO MOTION by Plaintiff Chris Haulmark re 37 Motion for Review. (ca) (Entered: 06/13/2022) |
| 07/12/2022 | 42 | | ORDER rescheduling Pretrial Conference and resetting deadline to submit proposed Pretrial Order. On its own motion, the Court resets the Pretrial Conference for August 25, 2022 at 1:30 PM. The proposed Pretrial Order is due by August 19, 2022. If any dispositive motions have been filed by the dispositive motions deadline (August 4, 2022), the Court may consider further continuing the Pretrial Conference. Signed by Magistrate Judge Teresa J. James on 7/12/22. Mailed to pro se party Chris Haulmark by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 07/12/2022) |
| 07/12/2022 | | | **Set/Reset Deadlines: Proposed Pretrial Order due by 8/19/2022, Set/Reset Hearings: Final Pretrial Conference set for 8/25/2022 at 01:30 PM in KC Courtroom 236 (TJJ) before Magistrate Judge Teresa J. James. (ct)** (Entered: 07/12/2022) |
| 07/19/2022 | 43 | | MEMORANDUM AND ORDER denying 37 Motion for Review of Magistrate JudgeTeresa J. James's Order. Signed by Chief District Judge Eric F. Melgren on 7/19/2022. Mailed to pro se party Chris Haulmark by regular mail. (jal) (Entered: 07/19/2022) |
| 08/04/2022 | 44 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wichita, City of (Houghton, Erik) (Entered: 08/04/2022) |
| 08/04/2022 | 45 | | MEMORANDUM IN SUPPORT of 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wichita, City of(Houghton, Erik) (Entered: 08/04/2022) |
| 08/04/2022 | 46 | | AFFIDAVIT of Tyler Schiffelbein re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Wichita, City of(Houghton, Erik) (Entered: 08/04/2022) |

| | | | |
|---|---|---|---|
| 08/04/2022 | 47 | | NOTICE of Pro Se Litigant Who Opposes A Motion for Summary Judgment by Wichita, City of re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Houghton, Erik) (Entered: 08/04/2022) |
| 08/05/2022 | 48 | | Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by Defendants City of Wichita and Brandon Whipple* by Defendant Wichita, City of (Houghton, Erik) (Entered: 08/05/2022) |
| 08/05/2022 | 49 | | NOTICE OF APPEAL as to 43 Order on Motion for Review by Plaintiff Chris Haulmark. (ca) (Entered: 08/05/2022) |
| 08/05/2022 | | | APPEAL FEE PAID in the amount of $505.00 (Receipt No. K4631060896) re Notice of Appeal – Final Judgment 49 filed by Chris Haulmark. (THIS IS A TEXT ONLY ENTRY – NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (jsh) (Entered: 08/05/2022) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,

*Plaintiff,*

vs.

CITY OF WICHITA, et al.,

*Defendants.*

Case No. 21-CV-1182-EFM-TJJ

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Chris Haulmark's Motion to Review Magistrate Judge Teresa J. James's Order (Doc. 37). Haulmark argues that Magistrate Judge James erred in denying his Motion to Compel. For the reasons stated below, the Court denies Haulmark's motion.

**I.     Factual and Procedural Background**

In July 2021, Haulmark brought suit against the City of Wichita and Brandon Whipple in his official capacity as Mayor of the City of Wichita. Relevant here, Haulmark alleges that Whipple, in his official capacity as Mayor, livestreams videos on his Facebook page,[1] promoting official government business and communicating directly with the public, without providing captioning or transcripts. Haulmark asserts that because Whipple is the Mayor of the City of

---

[1] https://www.facebook.com/VoteWhipple.

8

Wichita, Whipple's Facebook page is subject to Title II of the Americans with Disabilities Act ("ADA") and Whipple's failure to provide captioning or transcripts on his Facebook videos violates Title II.

As part of this claim, Haulmark sought discovery related to Whipple's Facebook page. Whipple objected on the ground that his Facebook page is a campaign page not subject to Title II of the ADA. Haulmark then filed his Motion to Compel, which Magistrate Judge James denied. Haulmark now seeks review of that Order.

## II.     Legal Standard

When reviewing a magistrate judge's order relating to non-dispositive matters, the district court does not conduct a *de novo* review but instead applies a more deferential standard.[2] Only if the district court finds that the magistrate judge's decision is "clearly erroneous or is contrary to law" will the district court set it aside.[3] To be clearly erroneous, a decision must strike the Court as "more than possibly or even probably wrong."[4] "A finding is 'contrary to law' if it fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

Relevant here, Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In other words, considerations of both relevance and proportionality expressly govern the scope of discovery.[6]

---

[2] *Gilmore v. L.D. Drilling, Inc.*, 2017 WL 5904034, at *1 (D. Kan. 2017) (citations omitted).

[3] Fed. R. Civ. P. 72(a).

[4] *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) (citation omitted).

[5] *Vance v. Vance*, 2022 WL 767299, at *2 (D. Kan. 2022) (internal quotations and citation omitted).

[6] Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment.

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[7] When a responding party fails to make a disclosure or permit discovery, Fed. R. Civ. P. 37(a) permits the discovering party to file a motion to compel. The party seeking discovery bears the initial burden to establish relevance, but it does not bear the burden to address all proportionality considerations.[8]

### III. Analysis

Haulmark seeks review of Magistrate Judge James's order denying his Motion to Compel discovery into Whipple's campaign Facebook page. Haulmark argues that Magistrate Judge James clearly erred in (1) ruling that Title II of the ADA cannot apply to a private Facebook page; (2) failing to apply a federal regulation which prohibits public entities from discriminating in providing services including when using a contractual, licensing, or other arrangements;[9] and (3) assuming that Haulmark seeks injunctive relief relating to Whipple's Facebook page.

First, the Court disagrees with Haulmark's assertion that Magistrate Judge James clearly erred in ruling that Title II of the ADA cannot apply to a private Facebook page. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[10]

---

[7] *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (citation omitted).

[8] Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment.

[9] *See* 28 C.F.R. §§ 35.130(b)(1), 41.51(b)(1).

[10] 42 U.S.C. § 12132.

Haulmark asserts that because a mayor's role is to connect with citizens, the City of Wichita provides municipal benefits through Whipple's Facebook campaign page each time Whipple engages with the public on his campaign page. Thus, Haulmark argues that he is denied the benefit of the City of Wichita's services each time Whipple uses his campaign page to interact with the public without providing accommodations for those with disabilities. Haulmark further asserts that Title II requires public entities to ensure that employees' and elected officials' postings on their personal social media accounts relating to the public entity's official business are compliant with Title II.

As noted by Magistrate Judge James, however, this assertion is untenable and unsupported by the law. The Court can find no case law in support of Haulmark's argument. Thus, Magistrate Judge James did not clearly err in concluding that Title II does not extend to such lengths.

Second, Haulmark argues that Magistrate Judge James erred in failing to apply regulations which prohibit public entities from discriminating in providing services including when using contractual, licensing, or other arrangements.[11] As discussed above, however, to consider communications on a public employee's campaign page as services of the public entity is a bridge too far.

Third, Haulmark argues that Magistrate Judge James erred in her statement that Haulmark "seeks injunctive relief relating to the Mayor's personal campaign Facebook page." Haulmark clarifies that he does not seek injunctive relief against Whipple's Facebook page, but requests that the City of Wichita "adopt policy language prohibiting its employees and elected officials . . . from discriminating . . . in the course of performing municipal duties anywhere, including on a private

---

[11] *See* 28 C.F.R. §§ 35.130(b)(1), 41.51(b)(1).

-4-

-5-

Facebook page or on other private social media platforms" and "ensure that employees and elected officials posting videos and/or audio recordings to their personal social media accounts relating to the City of Wichita's official business are provided with appropriate auxiliary aids and services, as mandated by Title II." Regardless of Haulmark's characterization of the relief sought, the result is the same. There is simply no support in the law for Haulmark's assertion that Title II requires public entities to fund accessibility services on employees' personal social media accounts or campaign pages simply because the employees reference the entity's official business.

Because Haulmark's contention that Title II covers personal social media pages of public entities' employees in not supported by law, Magistrate Judge James's conclusion that Haulmark's discovery requests relating to Whipple's Facebook page do not seek relevant information was not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Haulmark's Motion to Review Magistrate Judge Teresa J. James's Order (Doc. 37) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRIS HAULMARK**, | ) |
| Plaintiff, | ) |
| V. | ) |
| **CITY OF WICHITA**, | ) |
| and | ) Civil Action No. __21-1182-EFM-TJJ__ |
| **BRANDON WHIPPLE**, in his official | ) |
| capacity as the Mayor of the | ) |
| City of Wichita, | ) |
| Defendants. | ) |
| _____ | ) |

## NOTICE OF APPEAL

COMES NOW Plaintiff Chris Haulmark, appearing *pro se*, hereby respectfully submits this Notice of Appeal, pursuant to Rule 3(a) and 4(a) of the Federal Rules of Appellate Procedure to this Court, to appeal to the United States Court of Appeals for the Tenth Circuit from the final judgment, Docket No. 43, as the memorandum and order, which was entered in this matter on July 19, 2022.

----------------------------------------------------------------

Respectfully submitted this 5th of August 2022

*[signature]*

PLAINTIFF, *pro se*
chris@sigd.net
600 S. Harrison St
Apt #11
Olathe, KS 66061
512-366-3981

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th of August 2022, a true and correct copy of the above and foregoing document was sent via email as an attached file in format of PDF to the clerk of the U.S. District Court for the District of Kansas and to each of the following:

| | | |
|---|---|---|
| Erik S. Houghton, 455 North Main 13th Floor Wichita, KS 67202 *Attorney for Defendant City of Wichita* | Randall K. Rathbun Depew, Gillen, Rathbun & McInteer, LC 8301 E. 21st St., Ste. 4500 Wichita, KS 67206-2936 *Attorney for Defendant Brandon Whipple* | /s/ChrisHaulmark PLAINTIFF, pro se |

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Erik Houghton (creynard@wichita.gov, ehoughton@wichita.gov), Randall
K. Rathbun (bigksufan@aol.com, karin@depewgillen.com, randy@depewgillen.com), Magistrate
Judge Teresa J. James (ksd_james_chambers@ksd.uscourts.gov), Chief District Judge Eric F.
Melgren (ksd_melgren_chambers@ksd.uscourts.gov)
--Non Case Participants: Stephen O. Phillips (steve.phillips@ag.ks.gov), Clerk of Court,
US Court of Appeals (ca10_team2@ca10.uscourts.gov), ad hoc
(jeff_hokanson@ksd.uscourts.gov)
--No Notice Sent:

Message-Id:5635029@ksd.uscourts.gov
Subject:Activity in Case 6:21-cv-01182-EFM-TJJ Haulmark v. Wichita, City of et al Appeal
Filing Fee Paid
```
Content−Type: text/html

# U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 8/5/2022 at 3:25 PM CDT and filed on 8/5/2022

| | |
|---|---|
| **Case Name:** | Haulmark v. Wichita, City of et al |
| **Case Number:** | 6:21−cv−01182−EFM−TJJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**APPEAL FEE PAID in the amount of $505.00 (Receipt No. K4631060896) re Notice of Appeal – Final Judgment [49] filed by Chris Haulmark. (THIS IS A TEXT ONLY ENTRY – NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (jsh)**

**6:21−cv−01182−EFM−TJJ Notice has been electronically mailed to:**

Randall K. Rathbun     randy@depewgillen.com, bigksufan@aol.com, karin@depewgillen.com

Erik Houghton     ehoughton@wichita.gov, creynard@wichita.gov

**6:21−cv−01182−EFM−TJJ Notice has been delivered by other means to:**

Chris Haulmark
600 S. Harrison St.
Apt #11
Olathe, KS 66061