**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHRIS HAULMARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  6:21-cv-01182-EFM-TJJ |
| ) | |
| CITY OF WICHITA, and ) | |
| BRANDON WHIPPLE, in his official ) | |
| capacity as the Mayor of the City of ) | |
| Wichita, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT OPPOSITION OF DEFENDANTS CITY OF WICHITA AND BRANDON WHIPPLE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendants City of Wichita and Brandon Whipple hereby submit this Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Motion"). *See* Dkt. 54. According to the Scheduling Order in this case, the deadline for filing a motion to amend was February 10, 2022. Dkt. 17 at 2. Plaintiff filed their Motion over six months later on August 22, 2022. In this late Motion, Plaintiff now seeks to transform their single cause of action under Title II of the Americans with Disabilities Act ("ADA") into seven claims based primarily on supposed free speech issues. There is no justification for such a significant delay from the Scheduling Order, especially for such a fundamental transformation of the Complaint.

At the same time, the amendments proposed by Plaintiff are futile. Defendants have a pending dispositive motion that Plaintiff has not responded to yet. *See* Dkt. 48. The key point in that dispositive motion – that Plaintiff has failed to demonstrate that Defendant Whipple's personal campaign social media is sufficiently "public" for liability – still holds against the Plaintiff's proposed amendments. Indeed, Defendants even cited to case law that personal social media

1

content from government officials is not a "public forum" for free speech purposes. Dkt. 45 at 11. If anything, the proposed amended complaint demonstrates why Plaintiff's current pleading should be dismissed with prejudice, as there is no amended path for Plaintiff to plausibly state a claim. The Motion should be denied.

## I.    FACTUAL BACKGROUND

Plaintiff filed their Complaint and Demand for Jury Trial on July 27, 2021. Dkt. 1. A Scheduling Order was entered in this case on December 10, 2021. Dkt. 17. The Scheduling Order set a deadline of February 10, 2022, for "motions to amend or join additional parties," thereby affording Plaintiff over six months to file a motion to amend. *Id.* at 2.

Instead of abiding by the Scheduling Order, Plaintiff did not file their Motion until August 22, 2022 – over six months after the deadline. Dkt. 54. During those six months, Plaintiff spent time on other things, starting with a Motion to Compel Defendant Whipple on February 4, 2022. Dkt. 28. That motion was denied by the Magistrate Judge on May 6, 2022. Dkt. 35. Despite the denial order, Plaintiff continued that same course though, filing a Motion to Review Magistrate Judge's Order on May 17, 2022. Dkt. 37. The review motion was denied by this Court on July 20, 2022. Dkt. 43. Unsatisfied, Plaintiff even filed a Notice of Appeal of the order denying the review motion on August 5, 2022. Dkt. 49. After the appellate court challenged jurisdiction, Plaintiff moved to withdraw the appeal on August 15, 2022. The present Motion was filed a week later.

The timing of Plaintiff's Motion is particularly vexing given that Defendants have a pending dispositive motion that was filed on August 4, 2022, with a correction filed August 5, 2022. Dkts. 44–48. Defendants agreed to Plaintiff's request for additional time to respond to the dispositive motion, with the response due on September 9, 2022. Yet it appears that Plaintiff has devoted his extra time to this Motion, rather than responding to Defendants' dispositive motion.

## II.     ARGUMENT AND AUTHORITIES

### A.     Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." But the Court may deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The question of "whether the amendment would prejudice the nonmoving party" is the "most important[] factor in deciding a motion to amend the pleadings." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Further, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365–66 (citations omitted). "[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366 (quotation omitted).

### B.     Summary of Plaintiff's Proposed Amendments.

When Plaintiff first filed their Complaint, this case was about whether Defendants were providing reasonable accommodations under Title II of the ADA. As laid out in the dispositive motion, such reasonable accommodations have been provided on official government social media content. Dkt. 45 at 13–16. But now, under the proposed amended complaint, Plaintiff asks this Court to shift the focus entirely to whether Plaintiff suffered actionable harm by being blocked from Defendant Whipple's personal campaign Facebook page.

The number of new allegations in the proposed amendment are limited. As noted in the Introduction, Plaintiff seeks leave to add claims under Title V of the ADA and 42 U.S.C. § 1983,

though Plaintiff reveals later that both sets of claims are based on the same alleged retaliation as in the original complaint.

Plaintiff also includes additional allegations about how Defendant Whipple identifies himself as a public official on personal campaign Facebook page. Plaintiff asserts that Defendant Whipple is acting at all times within the official scope of his duties. Dkt. 54-1, ¶ 13. Plaintiff alleges that the public nature of the personal campaign Facebook page expanded during the pandemic, as public information was disseminated there. *Id.*, ¶ 21. Plaintiff notes that Defendant Whipple is the Mayor of the City of Wichita and that Defendant Whipple identifies himself as such on his personal campaign social media. *Id.*, ¶¶ 36–40.

Ironically, Plaintiff also alleges that "[a]t all relevant times, Defendant Whipple is in full control of his campaign's Facebook page." *Id.*, ¶ 14. Plaintiff incorrectly and inconsistently describes social media on Defendant Whipple's personal campaign Facebook page as "on behalf of the City" and "repurposed to be the City of Wichita's official channel of communication" – despite alleging the City has two separate official Facebook pages for itself and the Mayor in his official capacity. *Id.*, ¶¶ 18, 56. At the same time, Plaintiff added the word "consistently" to his allegations against Defendant City in light of reasonable accommodations the City has undeniably provided. *Id.*, ¶¶ 7, 24.

The bulk of the amendments are related to alleged "free speech" issues, especially in the "cause of action" section. Where the original Complaint had a single "cause of action," the proposed amended complaint has seven claims – Plaintiff's last claim is labelled as the "eighth," but Defendants could only find seven. The new claims are based entirely on the alleged action of blocking Plaintiff from Defendant Whipple's personal campaign Facebook page – an allegation that was obviously part of the original Complaint. *See* Dkt. 1, ¶¶ 4, 29–30, 36, 57–59.

Three of the new claims are based on 42 U.S.C. § 1983 alleging free speech violations by Defendant Whipple. Two of the new claims raise the same free speech issues under the Kansas Constitution. And the last new claim invokes Title V of the ADA to claim Defendant City intentionally retaliated against Plaintiff, even though the allegations still only related to Defendant Whipple's personal campaign Facebook page. Dkt. 54-1, ¶¶ 157–161.

The proposed amendments represent a fundamental reorganization of this case from Title II of the ADA to constitutional free speech issues. Plaintiff should not be given leave to make such drastic amendments when the deadline to file a motion to amend passed over six months ago. Regardless, Plaintiff still has failed to state a legal claim upon which relief can be granted, and the Motion should be denied because amendment is futile.

## C.      The Motion is Untimely.

The deadline in the Scheduling Order for Plaintiff to file a motion to amend was February 10, 2022. Dkt. 17 at 2. Plaintiff did not file their Motion until August 22, 2022. In their Motion, Plaintiff attempts to justify this delay by citing to "new evidence," but that evidence is only the allegation that "Defendant Whipple completely blocked Plaintiff Haulmark from his Facebook page some time after Plaintiff Haulmark filed the lawsuit." Dkt. 54, ¶ 17. This same allegation that Plaintiff was blocked from Defendant Whipple's personal campaign Facebook page was covered extensively in the original Complaint. Dkt. 1, ¶¶ 4, 29–30, 36, 57–59.

Despite raising the same allegation in the original Complaint, Plaintiff asks this Court for leave to completely restructure the case. More than a year after the case was filed, and after litigated discovery practice, Plaintiff wants to shift the entire focus of this case from the ADA to constitutional free speech issues. And the only justification for this attempt is supposed "new evidence" that was already included in the original Complaint.

The Court should deny Plaintiff's untimely attempt to change the whole nature of this case. The delay by Plaintiff will cause undue prejudice against Defendants, who have already conducted discovery in this case and filed dispositive motions to which Plaintiff has yet to respond. Plaintiff's proposal raises the prospect of additional discovery and would force the Court and parties to completely abandon Scheduling Order. The situation here is similar to that in *Frank*, where the plaintiff sought leave to amend fourth months after the court's deadline and should have known "long before" that date what amendments needed to be made. *Frank*, 3 F.3d at 1366. Here, Plaintiff is over six months past the filing deadline and actually knew about the proposed amending allegations when the Complaint was filed over a year ago.

Rather than follow the Scheduling Order, Plaintiff has consistently delayed and increased the complexity of this case without any legal basis. Back in February 2022, when motions to amend were due under the Scheduling Order, Plaintiff decided to pursue a motion to compel instead, including a motion to review by this Court when denied by the Magistrate Judge. Plaintiff even went so far as to appeal that issue to the Tenth Circuit but was forced to abandon that attempt when the appellate court *sua sponte* challenged jurisdiction. Then, Plaintiff filed this Motion rather than respond to the dispositive motion filed by Defendants – a motion where Plaintiff could have argued the same amendment issues when analyzing whether the dismissal should happen with or without prejudice. Plaintiff has repeatedly made the choice to pursue ungrounded legal theories rather than seek leave to amend in line with the Scheduling Order.

The continued prejudice to Defendants is sufficient reason to deny the Motion. *Frank*, 3 F.3d at 1366. Until the Plaintiff's Motion, this case has been about the ADA. For example, that is why Defendants have responded by identifying the reasonable accommodations that they provided on public social media content before the case was filed and then by laying out the additional

accommodations that have been provided since filing. Dkt. 45-1 at 13–15. Plaintiff now proposes to completely shift to free speech issues without any new evidence. The Court should deny him such latitude.

**D.      The Proposed Amendments are Futile.**

In addition to being untimely and prejudicial, the proposed amendments are futile. Plaintiff proposes to transform this case from one about the ADA into a free speech case. As explained above, radically changing the nature of the claims in this case is unduly prejudicial to Defendants. But it also does not avoid the legal issues raised by Defendants' dispositive motion.

In Defendants' dispositive motion, we cite to case law recognizing that personal campaign social media content of public officials does not qualify as a "public forum" for purposes of free speech constitutional analysis. Dkt. 45-1 at 11, *citing Swanson v. Griffin*, 2022 U.S. App. LEXIS 5179, *9–*10 (10th Cir.). In *Swanson*, as here, the public official recognized their status on their personal campaign social media and addressed "public" issues there, but that was not sufficient to raise a constitutional claim. Notably, the proposed amendments do not include any new allegations about whether the personal campaign Facebook page is a "public forum" for constitutional analysis. Plaintiff merely assumes as such, even though he repeatedly acknowledges that Defendant City operates an official mayoral page to Defendant Whipple that is distinct from the personal campaign page. Dkt. 45-1, ¶ 18. Even in this proposed constitutional setting, Plaintiff fails to plausibly allege that the personal campaign Facebook page of Defendant Whipple qualifies as a "public forum."

Because the proposed amendments would likewise fail to state a claim, the amendments are futile and leave to amend should be denied. *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 Fed. App'x 43, 51 (10th Cir. 2021). Furthermore, Defendants ask this Court to sustain their dispositive

7

motion without leave to amend. As demonstrated by the proposed amendments, there is no

plausible path forward for Plaintiff to state a claim under the facts alleged.

 

Respectfully submitted,

/s/ Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney
City Hall – 13th Floor
455 N. Main
Wichita, KS  67202
(316) 268-4681
Fax:  (316) 858-7777
Email:  ehoughton@wichita.gov
*Attorney for Defendant City of Wichita*


/s/ Randall K. Rathbun
Randall K. Rathbun, #09765
DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st St. N., Suite 450
Wichita, KS  67206-2936
(316) 262-4000
Email:  Randy@depewgillen.com
*Attorney for Defendant Brandon Whipple*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2022, I presented the above and

foregoing **JOINT OPPOSITION OF DEFENDANTS CITY OF WICHITA AND**

**BRANDON WHIPPLE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**COMPLAINT AND  MEMORANDUM IN SUPPORT** to the clerk of the court for filing and

uploading to the CM/ECF system which will send a notice of such electronic filing to the

attorneys of record enrolled in the CM/ECF system, and a copy of same was sent to the

following:


Chris Haulmark
600 S. Harrison St., Apt. #11
Olathe, KS 66061
Phone: 512-366-3981
chris@sidg.net
*Plaintiff pro se*


/s/ Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney