### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS HAULMARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 6:21-cv-01182-EFM-TJJ |
| ) | |
| CITY OF WICHITA, and ) | |
| BRANDON WHIPPLE, in his official ) | |
| capacity as the Mayor of the City of ) | |
| Wichita, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This Reply from Defendant City and Defendant Whipple comes to the Court at a murky procedural moment in this case. The underlying motion before the Court was filed on August 4, 2022. Dkt. 44–48. Since that time, Plaintiff filed an appeal of a different (but related) order, had jurisdiction *sua sponte* challenged by the Tenth Circuit, and withdrew the appeal. Dkt. 49; *see also Haulmark v. City*, Case No. 22-3150 (10th Cir. 2022). Plaintiff proceeded to file a motion to amend their complaint on August 22, 2022, to which Defendants filed their opposition on September 2, 2022. Dkts. 54, 57.

Plaintiff's response to Defendants' motion to dismiss or, in the alternative, for summary judgment was finally submitted on September 12, 2022. Dkt. 60. Even though the response was filed after Plaintiff's motion to amend, the response makes absolutely no reference to the motion to amend or even the concept of "amendment" at all.

Despite the confusion wrought by Plaintiff's procedural approach, one issue remains clear: Plaintiff has failed to establish that his claim satisfies the "public entity" element of Title II of the

1

Americans with Disabilities Act ("ADA"). The bulk of Plaintiff's original and amended allegations concern the personal campaign Facebook page of Defendant Whipple rather than social media content provided by Defendant City – such as the official mayoral Facebook page that Defendant City provides. Yet Plaintiff again has failed to cite to any case law that would sweep personal social media content of public officials into the reach of Title II of the ADA.

Defendant Whipple, in his personal capacity, is not a "public entity" as defined by the ADA. 42 U.S.C. 12131(1). Further, Defendant City is prohibited from offering support to personal campaign activities of Defendant Whipple under state law. K.S.A. 25-4169a. Under Plaintiff's ADA theory, every statement by any public official would be subject to Title II, which cannot be the law. As the Magistrate Judge determined – and confirmed by this Court upon review – political candidates need some room to be able to publicly discuss political issues without running afoul the ADA. *See* Dkt. 35. Plaintiff's complaint should be dismissed given this "dispositive" legal conclusion. *Id.* at 5.

Plaintiff's response does nothing to affect this outcome. Plaintiff emphasizes that the personal campaign Facebook page of Defendant Whipple can be called a "benefit" or "service" under Title II of the ADA, but ignores whether that "benefit" or "service" is provided to the public by a "public entity" or a politician. *See* Dkt. 60, ¶¶ 112 –113. Defendants are not arguing about the "geography" of the social media content at issue in the complaint. *Id.*, ¶¶ 108, 118–119. Defendants are not arguing about whether social media content constitutes a "benefit" or "service." The argument is whether that "benefit" or "service" is provided by Defendant City as a public entity or whether by Defendant Whipple in his personal capacity. It is not enough under Title II of the ADA that Defendant Whipple identify his job title on his personal campaign Facebook page or discuss issues related to his work. Plaintiff must allege the benefit or service is provided by the public

2

entity, which the personal campaign Facebook page of Defendant Whipple admittedly is not. *See* Dkt. 60, ¶ 20.

The evidence submitted by Plaintiff does not move the needle. Plaintiff does not identify any evidence that shows that the personal campaign Facebook page of Defendant Whipple is operated or provided by Defendant City. Indeed, Plaintiff expressly admits otherwise. *Id.* Rather, Plaintiff focuses on whether Defendant Whipple was engaged in "official duties" on his personal campaign Facebook page. Dkt. 60, ¶¶ 51–81, 87–91. But the examples provided by Plaintiff are nothing more than instances where Defendant Whipple discussed his work as mayor. As the Magistrate Judge found, it is imminently normal for a political candidate, such as mayor, to discuss political issues with the public. Dkt. 35 at 11. None of the allegations are related to social media content from the official mayoral Facebook page administered by Defendant City.

That leaves this Court with the scant allegations about social media content from accounts operated by Defendant City as a public entity. Before addressing those specifically, it is worth emphasizing that in the event the Court allows claims about Defendant City's social media to proceed, then it should still dismiss claims against Defendant Whipple – who is unquestionably not a "public entity."

Summarized in the response, Plaintiff alleges that Defendant City's Facebook page and YouTube channel have limited captions and notices that deny certain benefits to individuals with hearing disabilities. Dkt. 60, ¶¶ 82–86. Yet Plaintiff does not cite to any case law that the accommodations provided by Defendant City fall short of Title II of the ADA. Further, Plaintiff does not engage whatsoever with the affidavit submitted by Defendant City concerning the updated accommodations provided, even though Plaintiff was put on notice of these updates during settlement discussions. *See* UMF # 7, 10–12. At best for Plaintiff, the record "shows that

3

Defendants offered Haulmark reasonable accommodations and that Haulmark simply failed to take advantage of them. Haulmark has therefore failed to state a claim for failure to accommodate." *Haulmark v. Kan.*, 2021 U.S. Dist. LEXIS 170758, *19 (D. Kan.).

Plaintiff has failed to plausibly state a claim upon which relief must be granted and their complaint should be dismissed. The evidence submitted to this Court reveals that Defendant are entitled to judgment as a matter of law, even when such evidence is viewed most favorably to the Plaintiff.

The only remaining question is whether Plaintiff should be given a chance to amend the complaint. Plaintiff's response to this motion did not even include a request to amend. Presumably, the proposed amendments would track those provided in the motion to amend. But as detailed in Defendant's opposition to the motion to amend, Plaintiff should not be given that chance. The fundamental dispositive issue in this case has already been adjudicated by this Court and the Magistrate Judge, albeit in a non-dispositive discovery context. Plaintiff should not be allowed to further waste the energy and resources of this Court and Defendants to pursue legal claims that have no chance of success.

Defendants thus respectfully request that the Court enter an order dismissing the complaint or, in the alternative, that Defendants are entitled to judgment as a matter of law. Defendants further request that Plaintiff not be given an opportunity to amend.

Respectfully submitted,

/s/ Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney
City Hall – 13th Floor
455 N. Main
Wichita, KS  67202
(316) 268-4681
Fax:  (316) 858-7777
Email:  ehoughton@wichita.gov
*Attorney for Defendant City of Wichita*

/s/ Randall K. Rathbun
Randall K. Rathbun, #09765
DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st St. N., Suite 450
Wichita, KS  67206-2936
(316) 262-4000
Email:  Randy@depewgillen.com
*Attorney for Defendant Brandon Whipple*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2022, I presented the above and foregoing **Reply Memorandum in Support of Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment** to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of such electronic filing to the attorneys of record enrolled in the CM/ECF system, and a copy of same was sent to the following:

Chris Haulmark
600 S. Harrison St., Apt. #11
Olathe, KS 66061
Phone: 512-366-3981
chris@sidg.net
*Plaintiff pro se*

Randall K. Rathbun
Depew, Gillen, Rathbun & McInteer, LC
8301 E. 21st St., Ste. 4500
Wichita, KS 67206-2936
Phone: (316)262-4000
randy@depewgillen.com
*Attorney for Defendant Brandon Whipple*

/s/ Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney